IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT NELSON,<br>Petitioner, | § § § | |
| v. | § | Civil Action No. 4:12-CV-734-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner, Michael Scott Nelson, TDCJ #1498715, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent, Rick Thaler, is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

On April 16, 2008, a jury found petitioner guilty of possession with intent to deliver more than four grams but less than 200 grams of methamphetamine in the Criminal District Court Number Two of Tarrant County, Texas, in Case No. 1052525D, and assessed his punishment at 55 years' confinement. (State Habeas R. at 229[1]) The Second District Court of Appeals of Texas affirmed the trial court's judgment, and, on August 19, 2009, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (*Id.* at 232-49) *Nelson v. Texas*, PDR No. 867-09. Petitioner did not seek writ of certiorari. (Pet. at 3)

Petitioner sought postconviction state habeas relief by filing a habeas application in state court, which was denied on December 14, 2011, by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (State Habeas R. at cover, 2) This federal petition for writ of habeas corpus was filed on October 9, 2012.[2] (Pet. at 10) As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed a reply.

## D. Issues

This petition is construed to raise the following grounds for federal habeas relief: ineffective assistance of trial and appellate counsel (grounds one, four, and six); illegal police conduct (ground two); no evidence to support his conviction (ground three); and actual innocence (ground five). (*Id.*

---

[1]"State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-76,734-01.

[2]Under the prison mailbox rule, the date an inmate places a legal document in the prison mail system for submission to a federal court is deemed the date he filed such document. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

at 6-7 & Attach.)

## E. STATUTE OF LIMITATIONS

Respondent asserts the petition is time-barred under the federal statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief under § 2254. Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because petitioner's claims involve matters relevant to his conviction, subsection (A) governs when the limitations period began to run, viz., the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision,

the trial court's judgment of conviction became final upon expiration of the time that petitioner had for seeking certiorari in the United States Supreme Court on November 17, 2009, triggering the statute of limitations, which expired one year later on November 17, 2010, absent any applicable tolling. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

Petitioner's state habeas application, filed on August 3, 2010, and denied on December 14, 2011, operated to statutorily toll the running of the limitations period under § 2244(d)(2) for 499 days, making his federal petition due on or before March 30, 2012. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Accordingly, petitioner's federal petition, filed on October 9, 2012, is untimely unless he is entitled to additional tolling as a matter of equity.

Equitable tolling applies only when a petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstance "stood in his way" and prevented him from filing his federal petition on time. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560-62 (2010). The Fifth Circuit has held that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). It is also well settled that a petitioner's pro se status, indigence or lack of knowledge of the law and filing deadlines, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. (Pet'r Resp. at 1-4) *Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999).

Petitioner's petition was due on or before March 30, 2012. His petition filed on October 9, 2012, is therefore untimely.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 6, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 6, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February __13__, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE